IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(SCRANTON)

| | |
|---|---|
| KATHLEEN LOWE, | : |
| | : CIVIL ACTION NO.: |
| *Plaintiff,* | : |
| | : |
| v. | : |
| | : |
| TMG HEALTH, INC. | : |
| | : |
| *Defendant.* | : JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

I. **PRELIMINARY STATEMENT**

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Kathleen Lowe ("Plaintiff"), a former employee of the Defendant, TMG Health, Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory actions.

2. This action is brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

II. **JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on the ADA and FMLA.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action. On February 21, 2019, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

### III. PARTIES:

6. Plaintiff, Kathleen Lowe ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 142 Short Street, Duryea, Pennsylvania 18642.

7. Defendant, TMG Health, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located therein at 25 Lakeview Drive, Jessup, Pennsylvania 18434.

8. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined by the ADA, FMLA, and PHRA, and has been, and is, subject to the provisions of each said Act.

10. At all times relevant hereto, Plaintiff was an "employee" within the meanings of the ADA, FMLA and PHRA.

### IV. STATEMENT OF FACTS:

11. Plaintiff was employed by the Defendant from on or about November 3, 2008 until on or about June 30, 2018, the date of her unlawful termination.

2

12. During the course of her employment with the Defendant, Plaintiff held the position of Cash Billing Processor, and at all times maintained a satisfactory job performance rating in said capacity.

13. By way of background, in or around 2009, Plaintiff's father was diagnosed with Stage Four Lung Adenocarcinoma. In or around August of 2013, Plaintiff's father's cancer metastasized to the left frontal lobe of his brain, and he was additionally diagnosed with Brian Metastases and Radiation Necrosis. Said medical conditions constitute disabilities within the meaning of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that they substantially impair one or more of his major life activities, including, but not limited to, normal cell growth, walking, eating, and caring for himself.

14. By way of further background, in or around 2015, the Defendant hired Kris Miller ("Miller") for the position of Manager of Cash Billing, and Plaintiff began reporting directly to Miller.

15. As the symptoms associated with Plaintiff's father's disabilities worsened, Plaintiff began assisting her father with his daily living and transporting him to appointments with his physicians.

16. Accordingly, on or about January 5, 2018, Plaintiff requested intermittent leave pursuant to the Family and Medical Leave Act ("FMLA") to help care for her father.

17. Thereafter, Defendant, through its agents, servants, and employees, began subjecting Plaintiff to discrimination on the basis of her association with her disabled father and retaliation for exercising her rights under the FMLA.

18. By way of example, in or about early 2018, Miller issued Plaintiff an unjustified disciplinary warning, allegedly for engaging in "disruptive" behavior, when Plaintiff briefly cried at her desk upon learning that her father required additional brain surgery.

19. By way of further example, despite the fact that Defendant had approved Plaintiff's request for intermittent FMLA leave, Miller frequently denied Plaintiff's requests to utilize leave to care for her father and demanded that she work substantial overtime hours, thereby interfering with her rights under the FMLA.

20. On one such occasion, Miller refused to allow Plaintiff to leave the workplace until she completed her work after her father suffered a seizure. Ultimately, Miller agreed to allow Plaintiff to assist her father only if she agreed to work from home for the remainder of the day.

21. As further discrimination, Miller commented that Plaintiff's father's health was impacting Plaintiff's performance of her responsibilities, despite the fact that Plaintiff always performed her job in a satisfactory manner.

22. Moreover, Miller regularly harassed Plaintiff while she utilized leave to care for her father and demanded that she perform work while on leave. By way of example, Miller required Plaintiff to work during her father's brain surgery while she waited in the hospital and demanded that she complete various job responsibilities even when her father suffered seizures. Miller's discriminatory conduct caused Plaintiff to experience such severe distress that her physician prescribed her medication to treat the same.

23. On or about February 23, 2018, Miller issued Plaintiff another written disciplinary warning, allegedly for using her cellular phone while at her desk. Despite the fact that Plaintiff only used her phone during the work day in the event that her mother alerted her to an

emergency situation concerning her father, Miller refused to authorize Plaintiff to place her phone on her desk. Significantly, Miller allowed similarly situated employees to send text messages from their cell phones throughout the work day without repercussion.

24. Furthermore, Miller criticized Plaintiff's job performance and falsely claimed that Plaintiff's production rate was inadequate. However, Miller refused to provide a copy of Plaintiff's production statistics to Plaintiff when she requested the same. Miller additionally refused to provide Plaintiff with any information regarding how her production rate compared to similarly situated employees.

25. On or about March 8, 2018, as a result of Miller's failure to abide by her approved intermittent FMLA leave, Plaintiff provided updated FMLA documentation from her father's physician stating that Plaintiff must be limited to working eight (8) hours per day in order to adequately care for her father. However, Miller continued to demand that Plaintiff perform overtime hours and prohibited Plaintiff from doing so from home, despite the fact that she allowed similarly situated employees to complete overtime from home.

26. In or around early April of 2018, Miller issued Plaintiff yet another unjustified disciplinary warning as a result of her inability to work overtime on a date that she was required to utilize approved FMLA leave to care for her father.

27. Accordingly, on or about April 5, 2018, Plaintiff registered a formal written complaint of discrimination based on her association with her disabled father with Carrie Balashaitis ("Balashaitis"), Director of Operations.

28. In response, Balashaitis directed Plaintiff discuss her concerns with Brandi Lechleitner ("Lechleitner"), Human Resources Representative. On or about April 6, 2018, Plaintiff met with Lechleitner and reiterated her complaints of harassment and discrimination.

However, Lechleitner failed to conduct an investigation or otherwise take corrective action to cause the discriminatory conduct to cease.

29. In a blatant act of retaliation for opposing discrimination in the workplace, on or about June 20, 2018, Miller placed Plaintiff on a Performance Improvement Plan ("PIP") for a period of thirty (30) days. Notwithstanding the unrealistic expectations and deadlines contained within the PIP, Plaintiff successfully completed the same on or about July 19, 2018.

30. On or about July 24, 2018, Miller again reprimanded Plaintiff for placing her phone on her desk in the event of an emergency notification. Plaintiff reiterated that she required possession of her phone in case her father suffered a seizure and noted that other employees who were not expecting emergency notifications also had their phones placed on their desks. In response, Miller directed Plaintiff to report to Defendant's Human Resources Department. Upon her arrival, Balashaitis and Rhea Duke ("Duke"), Human Resources Representative, abruptly demanded that Plaintiff leave the workplace.

31. Several days thereafter, on or about July 30, 2018, the Defendant abruptly terminated Plaintiff's employment without explanation.

32. Plaintiff believes and avers that the Defendant terminated her employment based on her association with her disabled father and in retaliation for opposing discrimination in the workplace and exercising her rights under the FMLA.

## COUNT I
### (ADA - Associational Discrimination, Retaliation)
### Plaintiff Lowe v. the Defendant

33. Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth at length herein.

34. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination based on her association with her disabled father and retaliating against her for opposing unlawful discrimination in the workplace, ultimately resulting in the termination of her employment, constituted violations of the ADA.

35. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

36. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (FMLA Retaliation and Interference)
### Plaintiff Lowe v. the Defendant

37. Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint as though fully set forth at length herein.

38. The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff for exercising her rights under the FMLA, and interfering with her exercise of said rights, ultimately resulting in the termination of her employment, constituted a violation of the FMLA.

39. The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff's rights.

40. As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT III
### (PHRA - Associational Discrimination, Retaliation)
### Plaintiff Lowe v. the Defendant

41. Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as though fully set forth at length herein.

42. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination on the basis of her association with her disabled father, and retaliation for opposing unlawful discrimination in the workplace, constituted violations of the PHRA.

43. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

44. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

45. Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

        SIDNEY L. GOLD & ASSOC., P.C.

By:   /s/ Sidney L. Gold, Esquire
       SIDNEY L. GOLD, ESQUIRE
       I.D. NO.: 21374
       1835 Market Street, Ste. 515
       Philadelphia, PA 19103
       215.569.1999
       Attorneys for Plaintiff

DATED: May 17, 2019

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 5/9/19

_____
KATHLEEN LOWE, PLAINTIFF